IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Elizabeth M. Walker, | ) | C/A No.: 3:11-cv-02291-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER REMANDING CASE** |
| | ) | |
| DePuy Orthopaedics, Inc., Macari | ) | |
| Medical, Inc., and William G. Macari, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Defendant DePuy Orthopaedics, Inc.'s ("DePuy") Motion to Stay. (ECF No. 5). Also pending before this Court are Plaintiff Elizabeth M. Walker's ("Walker") Motion to Remand. (ECF No. 8) and Motion to Expedite (ECF No. 9). Having reviewed the parties' briefs and having considered the parties' arguments made at a hearing on these motions, this Court grants Plaintiff's Motion to Remand and denies Defendant's Motion to Stay.

I.      **Factual and Procedural History**

On August 24, 2010, DePuy Orthopaedics, Inc. ("DePuy") initiated a voluntary recall of the ASR$^{TM}$ Hip Systems. After the recall, lawsuits were filed all over the country. These suits have been consolidated in multidistrict litigation ("MDL") No. 2197, which is before the Honorable David A. Katz of the Northern District of Ohio. More than 1800 actions have now been transferred to, or direct-filed in, the MDL court. In fact, another case, *Beavers v. DePuy Orthopaedics*, that was previously pending before this Court has been transferred to MDL No. 2197. In that case, a Plaintiff filed against these exact same Defendants regarding the ASR$^{TM}$ Hip System, and this Court granted DePuy's Motion to Stay Pending Transfer to MDL No. 2197.

This case involves the same factual inquiries that will be present in the ASR$^{TM}$ Hip Systems product liability actions generally—though, Plaintiff points out that she raises additional claims against the non-diverse defendants and bases her claims on statutory and common law unique to South Carolina. DePuy is the manufacturer of the ASR$^{TM}$ Hip Systems, and Macari Medical, Inc. ("Macari Medical") and William Macari ("Macari") are the South Carolina distributors of the DePuy ASR$^{TM}$ Hip Systems. Plaintiffs originally filed this case in the Richland County Court of Common Pleas and alleged the following causes of action against all of the Defendants: strict liability, negligence or gross negligence, breach of implied warranty, and breach of express warranty. DePuy then removed the action to this Court claiming that Defendants Macari Medical and Macari were fraudulently joined and that diversity jurisdiction exists in this case. Defendants also filed a Motion to Stay, requesting that this Court stay all proceedings pending transfer to MDL No. 2197. (ECF No. 5). Plaintiffs have filed a Motion to Remand the instant action to state court, asserting that Defendants Macari Medical and Macari were not fraudulently joined and that, as such, diversity jurisdiction does not exist in the present case. (ECF No. 8). Plaintiffs also filed a Motion to Expedite the hearing regarding the Motion to Remand. (ECF No. 9).

Since the initial removal of this case to federal court, a conditional transfer order was filed; however, a notice of opposition was also filed, and the Judicial Panel on Multidistrict Litigation ("JPML") has not yet ordered that the transfer become official. As such, this Court retains jurisdiction, and the Chairman of the Panel has indicated that this Court "should feel free to rule on any pending motions, including, but not limited to, motions for remand to state court. Particularly where such motions involve an issue or issues unlikely to arise in the MDL, their

early resolution may be in the interest of the involved courts and parties." Letter from Chairman of the Panel—to Transferor Judge.

## II.     Legal Standard

### A.     Power to Stay

This Court's power to stay is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

### B.     Standard for Removal

A state action must be within the original jurisdiction of the district court to be removed to federal court. *See* 28 U.S.C. § 1441. Original jurisdiction exists in "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interests and cost, and is between . . . citizens of different States." 28 U.S.C § 1332(a)(1). The party seeking removal bears the burden of proving federal jurisdiction has been properly invoked. *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366 (4th Cir. 2003) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

The fraudulent joinder doctrine permits removal when a non-diverse party is or has been a defendant in the case and where "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and emphasis omitted). The burden to prove such fraudulent joinder is "heavy" because "the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–233 (4th Cir. 1993). However, in determining whether an attempted joinder is fraudulent, "the court

is not bound by the allegations of the pleadings, but may 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990).

### III.     Analysis

#### A.     Motion to Stay

DePuy urges this Court to stay all proceedings and to vacate all deadlines in this action pending the transfer of this case to the Northern Distict of Ohio to become part of MDL No. 2197.  DePuy points out that 112 stays have been granted by federal courts with ASR$^{TM}$ Hip System cases pending before them.  DePuy additionally brings the Court's attention to the fact that this Court has already stayed another case involving substantially the same claims and the exact same defendants—that action, *Beavers v. DePuy*, was officially transferred to the MDL after this Court granted a stay.

DePuy argues that a stay of the instant case would advance the purposes of the MDL and would not prejudice the parties.  "A short stay will ensure that this action proceeds in an orderly, coordinated fashion under the direction of Judge Katz.  A stay will facilitate his efficient, uniform resolution of pretrial issues common to all of these federal ASRTM Hip System actions." (ECF No. 5-1).  DePuy further points out that duplication of case management tasks by multiple courts not only is an uneconomical use of judicial resources, but also could lead to inconsistent rulings by different courts considering identical issues.  *See Nguyen v. BP Exploration & Production, Inc.*, 2010 WL 3169316, at *2 (S.D. Tex. Aug. 9, 2010) ("Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision.").  Furthermore, DePuy indicates that the company has set up a process for patients to be reimbursed for expenses relating to recall-related medical care

and medical treatment. As such, Plaintiff would not be prejudiced by a stay in that sense. Additionally, DePuy argues that Plaintiff will be spared some costs related to pre-trial motions and discovery by staying the action.

Plaintiff disagrees that she would not be prejudiced by a stay pending transfer to the MDL. First, Plaintiff points out that the remand motion filed in the *Beavers v. DePuy* case has yet to be heard. Second, Plaintiff argues that if the case is stayed, then the Plaintiff will be forced to shoulder the delays and additional costs if counsel is required to argue the motion to remand in Ohio. As such, Plaintiff asserts that a stay would result in both a temporal delay and unnecessary economic hardship. As discussed below, this Court finds that remand is appropriate in this case, and, as such, the Court hereby denies DePuy's Motion to Stay.

      B.      **Motion to Remand**

The issue in the motion to remand is whether Plaintiff has fraudulently joined Macari Medical and Macari—whether Plaintiff has stated a claim against them. Plaintiff argues that there is at least the possibility that she will succeed in her various causes of action and that she has not fraudulently joined Macari Medical and Macari.

Defendant disagrees with Plaintiff's assertion and claims that DePuy, not Macari Medical or Macari, sold the ASR$^{TM}$ Hip Systems directly to the hospital. Under South Carolina law, strict liability can only be imposed upon "[o]ne who sells a product." S.C. Code Ann. § 15-73-10. In deciding whether a defendant sold a product, courts look to whether the defendant placed the product in the stream of commerce and whether the defendant exercised control over the product. *See Baughman v. Gen. Motors Corp.*, 627 F. Supp. 871, 874 (D.S.C. 1985) (applying S.C. Code Ann. § 15-73-10 and noting that "[u]nder strict liability in tort . . . the focus has been upon whether or not the [defendant] has sold the defective [product] and thus placed it in the

stream of commerce" and that the plaintiff must show that "the defendant either manufactured, sold or exercised control over the defective product"). DePuy contends that Macari Medical and Macari merely delivered the hip implants to the hospitals—they "did not sell the ASR™ hip implants, did not exercise control over the ASR™ implants, and did not place any ASR™ implants into the stream of commerce." (ECF No. 19). DePuy compares Macari Medical's and Macari's participation in the transaction to one of a service provider, like a pharmacy, as opposed to a product seller, and cites a case where the South Carolina Supreme Court dismissed strict liability claims against a pharmacy in a products liability suit. *See Madison v. Am. Home Prods. Corp.*, 595 S.E.2d 493, 494–96 (2004). DePuy further contends that for the same reasons that Macari Medical and Macari cannot be liable under a strict liability theory, they cannot be liable under a gross negligence/negligence theory and cannot be liable for the breach of any express or implied warranties.

In response, Plaintiff cites to § 402A of the Restatement of Torts, Second and the comments to that section (incorporated by reference in S.C. Code Ann. § 15-73-30), which provide that strict liability applies even if "the user or consumer has not bought the product from or entered into any contractual relation with the seller" and further that liability "applies to any . . . distributor . . . . It is not necessary that the seller be engaged solely in the business of selling such products . . . ." Plaintiff contends that Macari Medical's and Macari's role in the delivery of the hip implants satisfies the requirements of "[o]ne who sells a product" under South Carolina Law. *See* S.C. Code Ann. § 15-73-10. Plaintiff likens Macari Medical and Macari to an independent contractor salesman who received a commission on sales. In a recent case decided in the District of South Carolina by Judge Seymour, a plaintiff in a products liability case was found to have a "glimmer of hope" against such an independent contractor. *Funchess*

*v. Blitz U.S.A., Inc.*, 2010 WL 4780357 (Nov. 16, 2010). In *Funchess*, Judge Seymour recognized that under South Carolina law "the terms 'sell' and 'seller' are merely descriptive and the doctrine of strict liability may be applied if the requirements for its application are otherwise met, even though no sale has occurred in the literal sense. All that is required is that the product had been injected into the stream of commerce." *Id.* at *2. Plaintiff contends that, in this case, the admission that Defendants "delivered" the hip implant is tantamount to an admission that they distributed or supplied the product. As such, Plaintiff contends that Defendants Macari Medical and Macari should be found liable under a strict liability theory.

It is undisputed that Defendants Macari Medical and Macari delivered ASR$^{TM}$ hip implants to the hospital for DePuy and that they received compensation for those deliveries. This Court agrees with the Plaintiff that these deliveries qualify Macari Medical and Macari as distributors of the hip implants, and thus, the Defendants may qualify as "[o]ne who sells" under South Carolina's strict liability statutes. *See* S.C. Code Ann. § 15-73-10. "Given South Carolina's expansive reading of the term "seller," the court finds that Plaintiff has a 'glimmer of hope' of succeeding" in its claims against Macari Medical and Macari. *See Funchess*, 2011 WL at *4. Because there is a possibility that Plaintiff will be able to establish a cause of action against in-state defendants Macari Medical and Macari, those Defendants have not been fraudulently joined, and remand is appropriate in this case.

## IV.    Conclusion

The Court hereby grants Plaintiff's Motion to Remand and denies Defendant's Motion to Stay. The Court also finds the Motion to Expedite moot. Accordingly, the action is remanded to the Richland County Court of Common Pleas. A certified copy of this order of remand shall be

sent by the Clerk of this court to the Clerk of the Court of Common Pleas, Richland County, Fifth Judicial Circuit of South Carolina.

    IT IS SO ORDERED.

October 12, 2011　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　United States District Judge